UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RAMONA RENE HAGGARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 2:11-CV-380- PS |
| vs. | ) | |
| | ) | |
| LEW WALLACE HIGH SCHOOL and | ) | |
| BRAND J. RUCKER, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Ramona Rene Haggard, acting without an attorney, has made two attempts to file a lawsuit against Lew Wallace High School and its band teacher, Brand J. Rucker, based on her complaints about her son's participation in a school band. The first complaint [DE 1] was stricken and Haggard offered a second opportunity to plead her case, because the nature of Haggard's claim was entirely unclear and the court could not discern the basis for its jurisdiction over the matter. Order of November 29, 2011 [DE 3].

Haggard has filed her first amended complaint [DE 4] along with her application to proceed in the case without payment of the generally applicable fees [DE 5]. Under 28 U.S.C. §1915(a)(1), the court may authorize the filing of an action *in forma pauperis*, that is, without payment of the fees, if it determines based on the filer's affidavit that the person is unable to pay them. Another subsection of the statute governing *in forma pauperis* proceedings, §1915(e)(2)(B)(ii), requires the court to dismiss such a case if it fails to state a claim on which relief may be granted. This requires me to review Haggard's new complaint to determine whether it passes this legal standard.

Haggard's complaints have been made under the statutory authority of 42 U.S.C. §1983 using the form complaint available from the Clerk of Court. As I indicated in my previous order, federal courts have limited jurisdiction and are obligated to inquire into the basis for jurisdiction over the subject matter of a complaint. *Thomas v. Guardsmark, LLC*, 487 F.3d 531 (7th Cir. 2007). A claim under 42 U.S.C. §1983 must be based on the alleged violation of a person's federal constitutional rights or some other federal law.

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Even giving Haggard's complaint the benefit of this relaxed standard, I conclude that it must be dismissed for failure to state a plausible claim. Haggard has now had two opportunities to set forth the facts on which her claim is based and explain the nature of the claim. Some of the allegations are still unintelligible. As best I can make out, Haggard complains that although she paid band dues and sold candy, the band did not receive uniforms and did not take an out-of-town trip that had been announced. Disappointing as these facts may be, they do not support a

Haggard's complaints have been made under the statutory authority of 42 U.S.C. §1983 using the form complaint available from the Clerk of Court. As I indicated in my previous order, federal courts have limited jurisdiction and are obligated to inquire into the basis for jurisdiction over the subject matter of a complaint. *Thomas v. Guardsmark, LLC*, 487 F.3d 531 (7th Cir. 2007). A claim under 42 U.S.C. §1983 must be based on the alleged violation of a person's federal constitutional rights or some other federal law.

To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Even giving Haggard's complaint the benefit of this relaxed standard, I conclude that it must be dismissed for failure to state a plausible claim. Haggard has now had two opportunities to set forth the facts on which her claim is based and explain the nature of the claim. Some of the allegations are still unintelligible. As best I can make out, Haggard complains that although she paid band dues and sold candy, the band did not receive uniforms and did not take an out-of-town trip that had been announced. Disappointing as these facts may be, they do not support a

lawsuit in federal court without some indication how they show a basis for relief under federal law.

Even if I were to construe Haggard's complaint as attempting to assert a claim not based on some issue of federal law (and therefore not actually brought under 42 U.S.C. §1983), then in order for this court to have jurisdiction the claim would have to be between parties from two different states and the dispute would have to involve an amount of damages greater than $75,000. Because the parties appear all to be located in Gary, Indiana and the amount in dispute is clearly less than $75,000, this type of jurisdiction, known as diversity jurisdiction, would also appear not to apply to Haggard's complaint.

Band dues of $25.00 and the sale of fund-raising candy for the band do not support a legal claim of entitlement to a band uniform or an out-of-town band trip, particularly for a student who reportedly received an "F" in band class. Whether under federal or state law, no plausible legal basis for the school district and the teacher to be liable is stated in the first amended complaint.

ACCORDINGLY:

Ramona Rene Haggard's first amended complaint [DE 4] is DISMISSED without prejudice pursuant to §1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, and Haggard's motion for leave to proceed *in forma pauperis* [DE 5] is DENIED.

**SO ORDERED.**

ENTERED: December 8, 2011.

    /s/ Philip P. Simon
Philip P. Simon, Chief Judge
United States District Court